**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **ERICA RICH, individually and on behalf of the heirs of EDWIN D. RICH,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | **Case No. 1:07-cv-0005-DAK-PMW** |
| **v.** | |
| **SCOTT W. GROVER, D.O.; et al.,** | **District Judge Dale A. Kimball** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Scott W. Grover, D.O.'s ("Defendant") motion to compel the Utah Department of Commerce and the Idaho Board of Pharmacy to release Edwin D. Rich's ("Mr. Rich") controlled substance prescription records.[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket nos. 36, 37.

[2] *See* docket no. 34.

## RELEVANT BACKGROUND

Erica Rich ("Plaintiff") brought this wrongful death action against Defendant on January 10, 2007.[3] Plaintiff alleges that Defendant negligently failed to provide and maintain proper medical care, treatment, and services for Mr. Rich and that, as a result, Mr. Rich suffered conscious pain, mental distress, and emotional distress before his eventual death.

In the motion before the court, Defendant argues that Mr. Rich's controlled substance prescription records have significant relevance to this case and, therefore, are discoverable. *See* Fed. R. Civ. P. 26(b)(1). Defendant asserts that he has attempted to obtain those records from both the Utah Department of Commerce and the Idaho Board of Pharmacy but has been told by both agencies that they will release said records only if Defendant first obtains either (1) a written and signed release from a representative of Mr. Rich's estate or (2) a court order. Defendant argues that Plaintiff has waived any claim of privilege or confidentiality with respect to Mr. Rich's controlled substance prescription records by putting Mr. Rich's medical condition at issue in this lawsuit. Finally, Defendant claims that if Mr. Rich's controlled substance prescription records are disclosed in this case, Defendant would agree to maintain their confidentiality within this litigation. Specifically, Defendant claims that no additional copies of said records will be made beyond those needed by Defendant, his insurer, counsel, paralegals, and experts

[3] *See* docket no. 2. Although Plaintiff also named Intermountain Healthcare dba Logan Regional Hospital as a defendant in this action, it was later dismissed by stipulation. *See* docket no. 31.

immediately connected with this case and that all of such copies will be returned or destroyed at the conclusion of this case.

In response, Plaintiff argues that Defendant's motion fails to set forth any valid legal basis for obtaining Mr. Rich's controlled substance prescription records. Plaintiff also relies upon rule 26 of the Federal Rules of Civil Procedure to argue that the requested discovery seeks information that is not relevant, is not reasonably calculated to lead to the discovery of admissible evidence, and is cumulative and duplicative. Finally, Plaintiff contends that Defendant's motion should be denied because it is procedurally defective. The court will address Plaintiff's arguments in turn.

## ANALYSIS

### I. Legal Basis for Obtaining Records

The parties present several conflicting arguments about whether Mr. Rich's controlled substance prescription records are privileged under Utah law, which is the controlling body of law on this issue. *See* Fed. R. Evid. 501; Utah R. Evid. 501. The court has concluded that rule 506 of the Utah Rules of Evidence, which governs the physician-patient privilege, controls here. *See* Utah R. Evid. 506; *Sorenson v. Barbuto*, 177 P.3d 614, 617 (Utah 2008).

Pursuant to rule 506, there is no physician-patient privilege

> [a]s to a communication relevant to an issue of the physical, mental, or emotional condition of the patient in any proceeding in which that condition is an element of any claim or defense, or, after the patient's death, in any proceedings in which any party relies upon the condition as an element of the claim or defense.

Utah R. Evid. 506(d)(1). In addition, the Utah Supreme Court has held that

> a waiver under rule 506(d)(1) does not mean that the patient has consented to the disclosure of his entire medical history. Rule 506 is only broad enough to allow the disclosure of information relevant to an element of any claim or defense. Therefore, rule 506(d)(1) is a limited waiver of privilege, confined to court proceedings, and restricted to the treatment related to the condition at issue.

*Sorenson*, 177 P.3d at 617.

Although Plaintiff recognizes the foregoing principles, she argues that Defendant has failed to identify either a specific "communication" or a specific "condition" that would invoke the exception to the physician-patient privilege identified in rule 506(d)(1). Utah R. Evid. 506(d)(1). Instead, Plaintiff argues, Defendant has merely made a general request for information from otherwise privileged records. The court disagrees.

Defendant has identified specific communications between Mr. Rich and his doctors, namely, any prescriptions written by Mr. Rich's doctors for controlled substances that Mr. Rich filled in either Utah or Idaho. In addition, Defendant has alleged in his defenses to Plaintiff's complaint that Mr. Rich's general physical condition or other intervening factors (including preexisting conditions) may have contributed to or worsened the injuries that are the subject of Plaintiff's complaint. Defendant has further alleged that those intervening factors may be related to Mr. Rich's use of controlled substances. For these reasons, and contrary to Plaintiff's assertions, Defendant has identified specific "communication[s] relevant to an issue of the physical . . . condition" of Mr. Rich in a proceeding in which Defendant "relies upon the condition as an element of" his defenses. *Id*. Accordingly, the court concludes that Mr. Rich's

controlled substance prescription records fit within the exception identified in rule 506(d)(1) and, therefore, are not protected by the physician-patient privilege in this case.

Plaintiff also argues that Utah Code section 58-37-7.5(8) creates a privilege for Mr. Rich's controlled substance prescription records. *See* Utah Code § 58-37-7.5(8). Again, the court disagrees. Notably, Plaintiff has not provided any legal support for that position, other than a citation to the statutory provision itself. In addition, the court has reviewed the statutory language and is not persuaded that one of its purposes was to create a privilege on behalf of individuals for the records maintained in the controlled substance database. *See id*.

## II. Rule 26 Arguments

Pursuant to rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Plaintiff argues that Mr. Rich's controlled substance prescription records are not relevant in this case. As previously discussed, however, Defendant has made a connection between Mr. Rich's controlled substance prescription records and his defenses to Plaintiff's complaint in this case. The court has determined that said connection is strong enough to demonstrate that Mr. Rich's controlled substance prescription records are indeed relevant to those defenses. *See id*. Accordingly, this argument fails.

Rule 26(b)(1) also provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Plaintiff argues that the records sought by Defendant do not meet this test because other evidence in Defendant's possession sufficiently establishes that Mr. Rich never abused narcotics

and never had any particular sensitivity to controlled substances. That argument misses the mark. While the evidence currently in Defendant's possession may point in one direction, that certainly does not preclude Defendant from conducting discovery which may point in the other direction. Moreover, Plaintiff's argument does not address the actual test provided in rule 26(b)(1), which is whether Defendant's requested discovery will indeed "lead to the discovery of admissible evidence" or be admissible itself. *Id*. For these reasons, this argument fails.

In her final rule 26 argument, Plaintiff relies upon rule 26(b)(2)(C)(i), which provides that the court may limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff asserts that Defendant should not be allowed access to Mr. Rich's controlled substance prescription records because that information is obtainable from other sources to which Defendant already has access, namely, discovery that Plaintiff has already provided to Defendant. For several reasons, that argument also fails.

First, discovery is not "unreasonably cumulative or duplicative" simply because it can be or has been obtained from another source. *Id*. Under such a scenario, the requested discovery may in fact be cumulative or duplicative, but it does not automatically follow that it is *unreasonably* cumulative or duplicative. *See id*. Although Plaintiff has argued that the discovery of Mr. Rich's controlled substance prescription records will be, at least in part, cumulative and duplicative, she has not argued that any such duplication is unreasonable. *See id*. Further, while the court appreciates Plaintiff's assertion that she has already provided Defendant with access to

all the information he needs, the court also appreciates Defendant's desire to obtain information from a nonadversary source.

Second, the court fails to see any valid concerns Plaintiff may have with respect to the inconvenience, burden, or expense of Defendant obtaining Mr. Rich's controlled substance prescription records from the two agencies in question. *See id*. Indeed, it appears that Plaintiff will not be required put forth any effort or expend any money for the two agencies in question to produce the requested records to Defendant. As such, any inconvenience, burden, or expense in producing the records appear to be concerns shared only by Defendant and the two agencies in question. *See id*.

**III. Procedural Arguments**

Plaintiff claims that Defendant's motion suffers from several procedural deficiencies. First, Plaintiff contends that Defendant has not certified that he has in good faith conferred or attempted to confer with either the Utah Department of Commerce or the Idaho Board of Pharmacy in an attempt to obtain the requested discovery without court action. *See* Fed. R. Civ. P 37(a)(1) (providing that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); *see also* DUCivR 37-1(a). Second, Plaintiff asserts that Defendant has not given either the Utah Department of Commerce or the Idaho Board of Pharmacy notice of the instant motion. *See* Fed. R. Civ. P. 37(a)(1). Third, Plaintiff argues that this court does not have jurisdiction over the Idaho Board of Pharmacy. The court has determined that each of those arguments is without merit.

As to Plaintiff's first argument, Defendant's supporting memorandum demonstrates that his attorneys have contacted and conferred with both the Utah Department of Commerce and the Idaho Board of Pharmacy in an effort to obtain the discovery without court action. In addition, Defendant has included an affidavit from one of his counsel's staff members with his reply memorandum confirming that fact. For these reasons, the court concludes that Defendant has fulfilled his obligation to certify that he in good faith conferred with both agencies in an effort to obtain the requested records without court action. *See* Fed. R. Civ. P. 37(a)(1); DUCivR 37-1(a).

With respect to Plaintiff's second argument, the court is not persuaded that Defendant was required to give either the Utah Department of Commerce or the Idaho Board of Pharmacy notice of this motion prior to its filing. While rule 37(a)(1) requires that a party may file a motion to compel only after "notice to other parties and all affected persons," Defendant correctly notes that Plaintiff has failed to point to any authority for the proposition that the category of "affected persons" includes the agencies in control of the records at issue. Fed. R. Civ. P. 37(a)(1). That notwithstanding, it appears that Defendant has put both agencies on constructive notice of this motion by way of his counsel's inquiry into the proper procedure for obtaining Mr. Rich's controlled substance prescription records.

Concerning Plaintiff's third and final argument, Plaintiff has not persuaded the court that she has standing to raise objections about this court's jurisdiction over the Idaho Board of Pharmacy. While Plaintiff may have the right to argue about the propriety of that agency's disclosure of Mr. Rich's controlled substance prescription records, it does not appear proper for Plaintiff to raise procedural or jurisdictional objections on the agency's behalf.

**CONCLUSION**

Based upon the foregoing discussion, Defendant's motion to compel the Utah Department of Commerce and the Idaho Board of Pharmacy to release Mr. Rich's controlled substance prescription records[4] is **GRANTED**.

Turning to the issue of confidentiality with respect to those records, the court acknowledges Defendant's asserted willingness to enter into an agreement to maintain their confidentiality. If Plaintiff desires to enter into such an agreement, the parties are directed to attempt to stipulate to a suitable protective order of confidentiality. If attempts to reach agreement on such an order are successful, the parties should file a stipulated motion for entry of the order, which the court will readily grant. If, however, attempts to stipulate are unsuccessful, the parties may bring that issue before the court by way of an appropriate motion.

**IT IS SO ORDERED**.

DATED this 17th day of July, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

[4] *See* docket no. 34.